<div style="float:right">Nov. Term, 1849.

WATERHOUSE
v.
FICKLE.</div>

---

WATERHOUSE *v.* FICKLE.—In error.

Assumpsit before a justice, and judgment for the defendant for 9 dollars. Appeal by the plaintiff to the Circuit Court, who there moved to dismiss the cause for irregularity in the proceedings before the justice. The defendant resisted the motion and judgment was rendered for the plaintiff for one cent and costs. *Held*, that there was no error in the judgment for costs, and the defendant could not object to the refusal of the Court to dismiss the cause.

*FICKLE* brought an action of assumpsit against *Wa-*

Nov. Term, 1849.

WATERHOUSE
v.
FICKLE.

terhouse, before a justice of the peace, on an account. Waterhouse also filed an account against *Fickle*, and, on the trial before the justice, on the 21st of *December*, 1844, a judgment for 3 dollars was rendered in favor of *Waterhouse*. On the application of *Fickle*, the judgment was opened and a new trial granted by the justice, which he fixed for the 11th of *January* following, and which resulted in a judgment for 9 dollars and 99 cents in favor of *Waterhouse*. *Fickle* then appealed to the Circuit Court, and there obtained a verdict for 5 dollars. He remitted 4 dollars and 99 cents, and a judgment was rendered in his favor for one cent and the costs.

It appears, by a bill of exceptions, that, during the progress of the suit, *Fickle* moved the Court to dismiss the suit for irregularity in the proceedings before the justice, but the motion was overruled.

*Waterhouse* brings the case up in error. He now says the cause should have been dismissed on the motion in the Circuit Court, for want of a sufficient cause of action, and because the justice should not have granted a second trial. There appears to be no ground for these positions. We can perceive no objection to the cause of action, and *Waterhouse* made no motion to dismiss in the Circuit Court, but, on the contrary, must have resisted that made by *Fickle*.

*Waterhouse* also contends that the Court erred in rendering a judgment against him for costs. But as *Fickle* succeeded in the Circuit Court in reducing the judgment *Waterhouse* had obtained before the justice more than 5 dollars, and obtained a judgment in his own favor, it is evident that this is not a case covered by the third clause of s. 175, c. 47, p. 892, R. S., as he alleges it is.

The judgment is affirmed.